Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000920
27-JAN-2017
08:43 AM

NO. CAAP-15-0000920

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


SCOTT B. SMITH, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(S.P.P. NO. 13-1-0008(2), CR. NO. 99-0325(2))


SUMMARY DISPOSITION OPINION
(By: Nakamura, Chief Judge, and Reifurth and Ginoza, JJ.)

Petitioner-Appellant Scott B. Smith (Smith) appeals from the Order filed by the Circuit Court of the Second Circuit (Circuit Court)[1] on November 3, 2015 (November 2015 Order), in Smith's post-conviction proceeding, S.P.P. No. 13-1-0008, which was brought pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 40 (2006). The November 2015 Order denied Smith's "Motion to Recalculate Multiple Terms of Imprisonment Mandated by Act 194" (Motion to Recalculate Sentence)[2] without prejudice to the issue being raised by Smith in a proper proceeding. We affirm.

----

[1] The Honorable Peter T. Cahill presided over the proceedings relevant to this appeal.

[2] The reference to "Act 194" in Smith's Motion to Recalculate Sentence appears to be a reference to Act 194 enacted during the Hawai'i Legislature's 2015 legislative session. 2015 Haw. Sess. Laws Act 194, at 587.

I.

A.

In his underlying criminal case, Smith was convicted after a jury trial of the lesser included offense of first-degree assault (Count 1); first-degree terroristic threatening (Count 2); first-degree sexual assault (Counts 3, 4, 5, and 6); kidnapping (Count 8); and use of a deadly or dangerous weapon in the commission of a crime (Count 9). The Circuit Court sentenced Smith to a total of forty-five years of imprisonment by imposing the following terms of imprisonment consecutive to each other: (1) concurrent twenty-year terms of imprisonment on Counts 3, 4, 5, and 6, (2) a ten-year term of imprisonment on Count 1, (3) a ten-year term of imprisonment on Count 8, and (4) concurrent five-year terms of imprisonment on Counts 2 and 9.

Smith filed a direct appeal from the Circuit Court's judgment of conviction and sentence. In a published opinion filed in 2004, which contains a detailed description of the evidence presented at Smith's trial, this court affirmed the Circuit Court's judgment of conviction and sentence. State v. Smith, 106 Hawai'i 365, 105 P.3d 242 (2004). The Hawai'i Supreme Court denied Smith's application for writ of certiorari.

B.

On July 29, 2013, Smith filed in S.P.P. No. 13-1-0008, a "Petition for Post-Conviction Relief" pursuant to HRPP Rule 40 (Petition) that asserted seven grounds for relief. On September 24, 2013, Smith filed a "Motion for Permission to Re-Argue My Direct Appeal Based on DNA" and a document entitled "Note" which raised additional grounds for relief. On November 7, 2013, the Circuit Court denied Smith's Petition and issued its "Findings of Fact, Conclusions of Law, and Judgment Denying Rule 40 Petition for Post-Conviction Relief" (Order Denying Petition).[3]

---

[3] In its Order Denying Petition, the Circuit Court did not address the additional grounds for relief raised by Smith in the documents he filed on September 24, 2013.

Smith filed a notice of appeal from the Order Denying Petition, which initiated appellate case No. CAAP-13-0005313 in this court. In a Summary Disposition Order filed on July 31, 2015, this court affirmed the Circuit Court's Order Denying Petition. We entered our judgment on appeal on September 3, 2015, and the supreme court denied Smith's application for writ of certiorari on November 10, 2015.

C.

In the meantime, after this court entered its judgment on appeal in No. CAAP-13-0005313 but before the supreme court denied certiorari, Smith filed in S.P.P. No. 13-1-0008 (the same post-conviction proceeding as the Order Denying Petition) his Motion to Recalculate Sentence on October 27, 2015. Smith sought relief pursuant to "Act 194." He also requested the appointment of a lawyer to help him with his Act 194 claim and the recusal of Judge Cahill because Smith claimed that Judge Cahill assigned him a lawyer, but then denied him the right to speak to the lawyer "before [Judge Cahill] signed the judgmen[t]." Smith further claimed that there was "no record of the whole procedure."

On November 3, 2015, the Circuit Court issued its November 2015 Order. The Circuit Court found that it had appointed the Public Defender's Office to represent Smith pursuant to his request that his sentence be recalculated and that it had not issued any order denying Smith the ability to contact or speak with his court-appointed counsel. The Circuit Court further noted that Smith had appealed the Order Denying Petition, that this court had issued its judgment on appeal in September 2015, and that the Circuit Court was "unable to ascertain whether it has jurisdiction" because it did not know whether Smith had filed for certiorari. The Circuit Court ordered that Smith's Motion to Recalculate Sentence be "denied without prejudice to the issue being raised in the proper proceeding." It further ordered that nothing in the November 2015 Order shall be construed to prevent Smith from contacting

3

the Public Defender's Office in those matters where it has been appointed as Smith's counsel.

II.

Smith filed a "Motion for Direct Appeal of Judgment by Peter T. Cahill on and Only on Act 194 Recalculate Multiple Terms of Imprisonment and or Reconsideration," which we construe as a notice of appeal from the November 2015 Order. By order dated May 26, 2016, and consistent with Smith's apparent intent, we accepted documents filed by Smith on April 14, 2016, as his opening brief.

Smith's reference to "Act 194" in his Motion to Recalculate Sentence appears to be a reference to Act 194 enacted by the Hawai'i Legislature in 2015. 2015 Haw. Sess. Laws Act 194 (Act 194) at 587. Act 194 amended Hawaii Revised Statutes (HRS) § 706-668.5 effective July 1, 2015, by adding subsection (3), which states that for terms of imprisonment imposed prior to June 18, 2008, the Department of Public Safety (DPS) shall provide notice to defendants that DPS may recalculate the multiple terms of imprisonment imposed on the defendants and of their right to have the court review their sentence. As amended by Act 194, HRS § 706-668.5 provides:

> (1) If multiple terms of imprisonment are imposed on a defendant, whether at the same time or at different times, or if a term of imprisonment is imposed on a defendant who is already subject to an unexpired term of imprisonment, the terms may run concurrently or consecutively. Multiple terms of imprisonment run concurrently unless the court orders or the statute mandates that the terms run consecutively.
>
> (2) The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider the factors set forth in section 706-606.
>
> (3) For terms of imprisonment imposed prior to June 18, 2008, the department of public safety shall post written notice in all inmate housing units and the facility library at each correctional facility for a period of two months and send written notice to the defendant no later than January 1, 2016, that shall include but not be limited to:
>
> > (a) Notice that the department of public safety may recalculate the multiple terms of imprisonment imposed on the defendant; and

4

(b)    Notice of the defendant's right to have the
       court review the defendant's sentence.

HRS § 706-668.5 (Supp. 2016).

As explained by the conference committee report on the bill that was ultimately enacted as Act 194, the purpose of Act 194 was as follows:

> Your Committee on Conference finds that prior to 2008, section 706-668.5, Hawaii Revised Statutes, relating to imposition of multiple terms of imprisonment, provided that the terms run consecutively unless the court specifically ordered that the terms run concurrently. Act 193, Session Laws of Hawaii 2008, amended section 706-668.5, Hawaii Revised Statutes, and provided that multiple terms of imprisonment run concurrently unless the court specifically orders that the terms run consecutively. This measure attempts to bring parity to the treatment of defendants sentenced to multiple terms prior to the effective date of Act 193, which is June 18, 2008, and those sentenced to multiple terms after that date while providing defendants with adequate notice regarding the possibility of their multiple terms of imprisonment being recalculated by the Department and their rights to have the court review their sentences.

Conf. Comm. Rep. No. 158, in 2015 Senate Journal, at 796.

III.

The Circuit Court denied Smith's Motion to Recalculate Sentence, but without prejudice to his raising the issue in a proper proceeding. Smith filed his Motion to Recalculate Sentence in S.P.P. No. 13-1-0008 at a time when the final Order Denying Petition in that proceeding was on appeal. Therefore, the Circuit Court was correct that Smith's filing of the Motion to Recalculate Sentence in S.P.P. No. 13-1-0008 was not "proper." On the other hand, HRPP Rule 40 does not appear to preclude a prisoner from filing (or the Circuit Court from assuming jurisdiction over) an HRPP Rule 40 petition raising new claims for relief while an order issued in an HRPP Rule 40 proceeding is on appeal. Therefore, the Circuit Court could have treated the Motion to Recalculate Sentence as a new HRPP Rule 40 petition. In any event, the Circuit Court denied the Motion to Recalculate Sentence without prejudice to Smith raising his Act 194 claim in another proceeding. Because Smith is free to file an HRPP Rule

40 petition raising a claim under Act 194, and given the muddled record relating to his Act 194 claim, we conclude that the Circuit Court did not err in denying without prejudice Smith's Motion to Recalculate Sentence.

IV.

Based on the foregoing, we affirm the Circuit Court's November 2015 Order.

DATED: Honolulu, Hawai'i, January 27, 2017.

On the briefs:

Scott B. Smith
Petitioner-Appellant
Pro Se

Richard K. Minatoya
Deputy Prosecuting Attorney
County of Maui
for Respondent-Appellee

Chief Judge

Associate Judge

Associate Judge